UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MODERN AMERICAN RECYCLING SERVICES, INC. | CIVIL ACTION |
| VERSUS | NO. 10-3153 |
| STEPHEN MICHAEL DUNAVANT and DENSON SPENCE | SECTION: "G"(4) |

### ORDER AND REASONS

Before the Court is Defendant Stephen Michael Dunavant's ("Dunavant") Renewed Motion for Stay.[1] Styled as a "Renewed Motion for Stay," the motion would have this Court reconsider its April 19, 2012 order[2] denying a stay of this civil action pending the resolution of an ongoing criminal investigation in the Eastern District of Virginia and any subsequent criminal proceedings that may result. Plaintiff Modern American Recycling Services, Inc. ("MARS") filed its opposition on May 29, 2012.[3]

Having considered the motion, the response, the record, and the applicable law, for the following reasons, the Court will deny Dunavant's Renewed Motion for Stay.

### I. Background

The Court has previously set forth the factual and procedural background of this case in its

---

[1] Rec. Doc. 60.

[2] Rec. Doc. 59.

[3] Rec. Doc. 71.

1

Order and Reasons denying Dunavant's Motion for a Stay,[4] and the Court does not see a need again to set out the relevant factual and procedural background of this case. Instead, the Court refers the parties to its prior order.

## II. Law and Analysis

### A. *Standard of Review on Motion for Reconsideration*[5]

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[6] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[7] Rules 59 and 60, however, apply only to final judgments.[8] When a party seeks to revise an order that adjudicates

---

[4] *See* Rec. Doc. 59.

[5] The Court notes that the pending motion is titled as a renewed motion for stay but that substantively it is a motion for reconsideration, given that it advances arguments previously presented to, and ruled upon by, this Court. Therefore, this Court will construe the pending motion as one for reconsideration and will apply that standard. *See, e.g., Burkett v. Shell Oil Co.*, 487 F.2d 1308, 1316 (5th Cir. 1973) (approving of the district court's treatment of a letter as a motion to reconsider given that the letter raised issues previously ruled upon by the district court).

[6] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[7] *Id*. (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3-4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (Rule 54).

[8] Rule 59 concerns motions to "alter or amend a judgment" whereas Rule 60 can provide relief from "a *final* judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added). The Advisory Committee Notes of 1946 state that "[t]he addition of the qualifying word 'final' emphasizes the character of judgement, orders or proceedings from which *Rule 60(b)* affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." Fed. R. Civ. P. 60(b) (1946 Advisory Committee Notes). *See also Helena Labs. Corp.*, 483 F. Supp. 2d 538, 538 n.1 (E.D. Tex. 2007) (motion was improperly filed under Rule 59(e) when there existed no final judgment that had been entered). *See also Lambert v. McMahon*, No. 06-10679, 2007 U.S. App. LEXIS 5220, at *4 (5th Cir. Mar. 6, 2007) (where there was no entry of final judgment, requests could not be considered under Rule 60(b)); *Greene v. Union Mut. Life Ins. Co.*, 764 F.2d 19, 22 (1st Cir. 1985) (finding that a district court's decision to dismiss fewer than all counts of a complaint did not constitute a basis for any final judgment, such that it was error for the district court to have applied a Rule 60(b) standard to a motion seeking reconsideration of the dismissal).

fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls.[9] The Rule states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[10]

The district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[11] However, this broad discretion[12] must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays.[13] Further, the decision of the district court to grant or deny a motion for reconsideration will only be reviewed for an abuse of discretion.[14]

The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.[15] A Rule 59(e) motion "calls into question the correctness of a judgment,"[16]

---

[9] Fed. R. Civ. P. 54(b). *See also Helena Labs*, 483 F. Supp. 2d at 538 n.1 (motion for reconsideration under Rule 59(e) treated as under Rule 54(b) because reconsideration of partial summary judgment order was sought and no final judgment had yet been entered in the case).

[10] Fed. R. Civ. P. 54(b).

[11] *See Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

[12] *See Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993).

[13] *See, e.g.,* 18B Charles A. Wright et al., Federal Practice & Procedure § 4478.1 (2d ed. 2002).

[14] *Martin v. H.M.B. Constr. Co.*, 279 F.2d 495, 496 (5th Cir. 1960) (citation omitted). *See also Garcia v. Woman's Hosp. of Tex.*, 97 F.3d 810, 814 (5th Cir. 1996).

[15] *See, e.g., Castrillo*, 2010 WL 1424398, at *3; *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches*, No. 05-4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009) (Duval, J.).

[16] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002).

and courts have considerable discretion in deciding whether to grant such a motion.[17] In exercising this discretion, courts must carefully balance the interests of justice with the need for finality.[18] Courts in the Eastern District of Louisiana have generally considered four factors in deciding a motion under the Rule 59(e) standard:

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
> (2) the movant presents newly discovered or previously unavailable evidence;
> (3) the motion is necessary in order to prevent manifest injustice; or
> (4) the motion is justified by an intervening change in controlling law.[19]

Although Rules 59 and 60 set forth specific time frames during which reconsideration may be sought,[20] Rule 54 sets forth no such limitation.[21] However, importantly, Rule 54(b) motions, like those under Rules 59(e) and 60(b), "'are not the proper vehicle for rehashing evidence, legal theories, or arguments. . . .'"[22] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[23] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been

---

[17] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[18] *Id.* at 355-56.

[19] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[20] Fed R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

[21] Fed. R. Civ. P. 54(b) (stating that the order "may be revised at any time" before entry of final judgment). The only limitation imposed on Rule 54(b) reconsideration is if the court issues an order expressly stating that there is "no just reason for delay," in which case the order becomes a final, appealable judgment. *Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Auth.*, 925 F.2d 812, 815 (5th Cir. 1991).

[22] *Castrillo*, 2010 WL 1424398, at *4 (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

[23] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

4

advanced by a party."[24]

Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly"[25] and the motion must "clearly establish" that reconsideration is warranted.[26] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[27]

### B. *Arguments and Analysis*

In Dunavant's motion, he argues that this Court should grant the renewed motion because Dunavant has "recently received written confirmation from the office of the United States Attorney for the Eastern District of Virginia that he is a target of an investigation a grand jury is conducting into fraud and the illegal conversion of scrap metal."[28] Dunavant then proceeds to reassert the arguments presented in his original motion for a stay.[29] MARS correctly notes that the existence of a target letter is the only difference between the original and pending motions.[30]

---

[24] *Helena Labs.*, 483 F. Supp. 2d at 539 (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[25] *Templet*, 367 F.3d at 478-79 (citation omitted).

[26] *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[27] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F.Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 BR 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented). *See also FDIC v. Cage*, 810 F.Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[28] Rec. Doc. 60-1 at p. 1 (internal quotation omitted).

[29] Compare Rec. Doc. 54 and Rec. Doc. 60.

[30] Rec. Doc. 71 at p. 1 ("Before proceeding to a consideration once again of the six (6) factors relied upon by the Fifth Circuit in determining whether a civil action should be stayed due to a criminal matter, it is significant to note, and arguably dispositive of this motion to deny Dunavant's motion, that THE ONLY CIRCUMSTANCE

5

As explained above, a motion for reconsideration is not to be used to re-urge matters that have already been advanced and mere disagreement with a prior order is insufficient to merit reconsideration. Here, Dunavant has not argued manifest error of law, manifest injustice, or an intervening change in controlling law. Instead, he presents the target letter as new evidence and asks this Court to again consider whether a stay is warranted. However, the fact that a target letter has now been issued does not sufficiently alter the evidence before this Court so as to merit reconsideration here[31]; previously, Dunavant represented that his counsel had been informed that Dunavant was a target, so this hardly amounts to the type of newly discovered or previously unavailable evidence that might warrant a change in circumstances deserving of reconsideration. The Court agrees with MARS that Dunavant's motion does nothing more than re-urge arguments previously advanced.

### III. Conclusion

The Court does not find the issuance of a target letter to constitute such "newly discovered . . . evidence" as to transform the pending motion from anything beyond the reassertion of arguments previously advanced, and mere disagreement with a prior ruling, as asserted here, does not support a motion for reconsideration. Therefore, for the reasons set forth above, as well as for

---

THAT HAS CHANGED SINCE THIS COURT PREVIOUSLY DENIED THIS SAME MOTION IS THAT THE CRIMINAL PROCEEDING HAS MERELY MOVED FROM A PHONE CALL BETWEEN DUNAVANT'S ATTORNEY AND THE U.S. ATTORNEY IN VIRGINIA TO A TARGET LETTER DIRECTED TO DUNAVANT.").

[31] The Court also notes that in this Court's order denying the original motion for a stay, this Court denied the motion "without prejudice to re-file if a criminal indictment is returned." Rec. Doc. 59 at p. 14. A target letter is not a criminal indictment.

the reasons given in the original Order and Reasons denying a stay of these proceedings,[32]

**IT IS HEREBY ORDERED** that Dunavant's Renewed Motion for Stay[33] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __8th__ day of June, 2012.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[32] Rec. Doc. 59.

[33] Rec. Doc. 60.