**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MODERN AMERICAN RECYCLING SERVICES, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-3153** |
| **STEPHEN MICHAEL DUNAVANT and DENSON SPENCE** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Before the Court is Defendant Stephen Michael Dunavant's ("Dunavant") Renewed Motion for Transfer of Venue.[1] The motion would have this Court reconsider the March 31, 2011 order[2] issued by Chief Judge Sarah Vance in this case,[3] which denied Dunavant's motion to transfer the case to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404.[4] Plaintiff Modern American Recycling Services, Inc. ("MARS") filed its opposition to the renewed motion on May 29, 2012.[5]

Having considered the motion, the opposition, the record, and the applicable law, for the following reasons, the Court will deny Dunavant's Renewed Motion for Transfer of Venue.

---

[1] Rec. Doc. 63.

[2] Rec. Doc. 38.

[3] This case was reassigned from Chief Judge Sarah Vance, Section "R" of the Eastern District of Louisiana, to this Section, Section "G" of the Eastern District of Louisiana, on October 6, 2011. Rec. Doc. 47.

[4] The order also denied Dunavant's motion to dismiss for lack of personal jurisdiction over him. However, Dunavant has not here renewed his motion regarding the Court's personal jurisdiction over him.

[5] Rec. Doc. 70.

## I. Background

On September 16, 2010, MARS filed its complaint against Dunavant and against Denson Spence in this action brought under this Court's diversity jurisdiction.[6] The case arises from an employment contract entered between Dunavant and MARS; Dunavant was "entrusted to oversee and manage the operation" of a waterfront property, the Shirley Plantation in Charles City, Virginia, which MARS operated as a ship-breaking and steel scrapping facility.[7] Contained within the contract is a provision that provides, "the proper venue for the institution of any action to enforce the terms of this agreement shall be in [the] UNITED STATES DISTRICT COURT for the EASTERN DISTRICT OF LOUISIANA, if filed in Federal Court. . . ."[8]

In its complaint, MARS alleges "that Mike Dunavant individually and/or in concert with Denson Spence engaged in a systematic scheme from the Shirley Plantation facility of conversion of vessels, barges, steel products, and scrap steel owned by MARS or intended for MARS's account to his own use, benefit, and profit . . ."[9] in violation of "the clear and unambiguous terms of Mike Dunavant's employment contract with MARS."[10] MARS asserts claims against Dunavant for breach of contract, conversion, and misappropriation; MARS also alleges that Dunavant breached his fiduciary duty to MARS and that Dunavant owes sums of money to MARS that were loaned or advanced to him as part of his employment contract.[11]

---

[6] Rec. Doc. 1.

[7] *See* Rec. Doc. 1 at ¶ 9.

[8] *Id.* at ¶ 2.

[9] *Id.* at ¶ 16.

[10] *Id.* at ¶¶ 10-12.

[11] *Id.* at ¶¶ 20-23.

Dunavant previously filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, motion to transfer to the United States District Court for the Eastern District of Virginia.[12] However, Chief Judge Sarah Vance denied that motion on March 31, 2011.[13] Regarding the motion to transfer venue, Judge Vance found that Dunavant failed to establish that transfer was proper under 28 U.S.C. § 1404, in part because of the forum-selection clause, which weighed "heavily in favor of retaining venue."[14] Dunavant filed his answer in this action on April 12, 2011.[15]

After this case was reassigned to this Section, Section "G" of the Eastern District of Louisiana,[16] Dunavant filed the instant Renewed Motion for Transfer of Venue on May 14, 2012.[17] Therein, Dunavant argues that "with the benefit of nearly a year of discovery," it is now clear that it would be for the convenience of the parties and witnesses and in the interest of justice to transfer this action.[18] MARS filed its opposition to the renewed motion on May 29, 2012,[19] asserting that nothing has changed since the prior order denying transfer and asserting that this Court "should remain consistent with [Judge Vance's] prior ruling and deny Dunavant's request to change venue

---

[12] Rec. Doc. 19.

[13] Rec. Doc. 38.

[14] *Id.* at p. 13 (citing *Stewart Org., Inc. v. Rioch Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring) ("[T]he authority and prerogative of the federal courts . . . should be exercised so that a valid forum-selection clause is given controlling weight in all but the most exceptional circumstances.")).

[15] Rec. Doc. 39.

[16] Rec. Doc. 47.

[17] Rec. Doc. 63.

[18] Rec. Doc. 63-1 at p. 2.

[19] Rec. Doc. 70.

and transfer this matter to Virginia."[20]

## II.  Law and Analysis

### A.  *Standard of Review on Motion for Reconsideration*[21]

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[22] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[23]  Rules 59 and 60, however, apply only to final judgments.[24]  When a party seeks to revise an order that adjudicates

---

[20] *Id.* at p. 8.

[21] The Court notes that the pending motion is styled as a renewed motion for transfer of venue but that substantively it is a motion for reconsideration, given that it advances arguments previously presented to, and ruled upon by, the court.  Therefore, this Court will construe the pending motion as one for reconsideration and will apply that standard.  *See, e.g., Burkett v. Shell Oil Co.*, 487 F.2d 1308, 1316 (5th Cir. 1973) (approving of the district court's treatment of a letter as a motion to reconsider given that the letter raised issues previously ruled upon by the district court).

[22] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[23] *Id*. (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3-4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (Rule 54).

[24] Rule 59 concerns motions to "alter or amend a judgment" whereas Rule 60 can provide relief from "a *final* judgment, order, or proceeding."  Fed. R. Civ. P. 60(b) (emphasis added).  The Advisory Committee Notes of 1946 state that "[t]he addition of the qualifying word 'final' emphasizes the character of judgement, orders or proceedings from which *Rule 60(b)* affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires."  Fed. R. Civ. P. 60(b) (1946 Advisory Committee Notes).  *See also Helena Labs. Corp.*, 483 F. Supp. 2d 538, 538 n.1 (E.D. Tex. 2007) (motion was improperly filed under Rule 59(e) when there existed no final judgment that had been entered).  *See also Lambert v. McMahon*, No. 06-10679, 2007 U.S. App. LEXIS 5220, at *4 (5th Cir. Mar. 6, 2007) (where there was no entry of final judgment, requests could not be considered under Rule 60(b)); *Greene v. Union Mut. Life Ins. Co.*, 764 F.2d 19, 22 (1st Cir. 1985) (finding that a district court's decision to dismiss fewer than all counts of a complaint did not constitute a basis for any final judgment, such that it was error for the district court to have applied a Rule 60(b) standard to a motion seeking reconsideration of the dismissal).

fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls.[25]

The Rule states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[26]

The district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[27] However, this broad discretion[28] must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays.[29] Further, the decision of the district court to grant or deny a motion for reconsideration will only be reviewed for an abuse of discretion.[30]

The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.[31] A Rule 59(e) motion "calls into question the correctness of a judgment,"[32]

---

[25] Fed. R. Civ. P. 54(b). *See also Helena Labs*, 483 F. Supp. 2d at 538 n.1 (motion for reconsideration under Rule 59(e) treated as under Rule 54(b) because reconsideration of partial summary judgment order was sought and no final judgment had yet been entered in the case).

[26] Fed. R. Civ. P. 54(b).

[27] *See Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

[28] *See Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993).

[29] *See, e.g.,* 18B Charles A. Wright et al., Federal Practice & Procedure § 4478.1 (2d ed. 2002).

[30] *Martin v. H.M.B. Constr. Co.*, 279 F.2d 495, 496 (5th Cir. 1960) (citation omitted). *See also Garcia v. Woman's Hosp. of Tex.*, 97 F.3d 810, 814 (5th Cir. 1996).

[31] *See, e.g., Castrillo*, 2010 WL 1424398, at *3; *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches*, No. 05-4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009) (Duval, J.).

[32] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002).

and courts have considerable discretion in deciding whether to grant such a motion.[33] In exercising

this discretion, courts must carefully balance the interests of justice with the need for finality.[34]

Courts in the Eastern District of Louisiana have generally considered four factors in deciding a

motion under the Rule 59(e) standard:

> (1) the motion is necessary to correct a manifest error of law or fact upon which the
> judgment is based;
> (2) the movant presents newly discovered or previously unavailable evidence;
> (3) the motion is necessary in order to prevent manifest injustice; or
> (4) the motion is justified by an intervening change in controlling law.[35]

Although Rules 59 and 60 set forth specific time frames during which reconsideration may

be sought,[36] Rule 54 sets forth no such limitation.[37] However, importantly, Rule 54(b) motions, like

those under Rules 59(e) and 60(b), "'are not the proper vehicle for rehashing evidence, legal theories,

or arguments. . . .'"[38] Instead, such motions "serve the narrow purpose of allowing a party to correct

manifest errors of law or fact or to present newly discovered evidence."[39] "It is well settled that

motions for reconsideration should not be used . . . to re-urge matters that have already been

---

[33] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[34] *Id.* at 355-56.

[35] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[36] Fed R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

[37] Fed. R. Civ. P. 54(b) (stating that the order "may be revised at any time" before entry of final judgment). The only limitation imposed on Rule 54(b) reconsideration is if the court issues an order expressly stating that there is "no just reason for delay," in which case the order becomes a final, appealable judgment. *Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Auth.*, 925 F.2d 812, 815 (5th Cir. 1991).

[38] *Castrillo*, 2010 WL 1424398, at *4 (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

[39] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

advanced by a party."[40]

Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly"[41] and the motion must "clearly establish" that reconsideration is warranted.[42] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[43]

## B. *Standard on Motion to Transfer*

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[44] Thus, under 28 U.S.C. § 1404(a), there exists a threshold inquiry of whether the suit originally could have been brought in the venue where the action is sought to be transferred.[45] After this has been established, the court must consider whether the transfer would serve the convenience of the parties and witnesses and the interest of

---

[40] *Helena Labs.*, 483 F. Supp. 2d at 539 (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[41] *Templet*, 367 F.3d at 478-79 (citation omitted).

[42] *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[43] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F.Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 BR 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented). *See also FDIC v. Cage*, 810 F.Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[44] 28 U.S.C. § 1404(a).

[45] *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("In applying the provisions of § 1404(a), we have suggested that the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed.").

justice.[46]  Either party may move for transfer,[47] and "the same treatment and consideration should be given to the motion for transfer regardless of who [moves for transfer]."[48]  The court is afforded broad discretion in deciding whether good cause exists such that transfer pursuant to Section 1404(a) will serve the interest of justice.[49]

In exercising the court's broad discretion, the court is to undertake "an 'individualized, case-by-case consideration of convenience and fairness.'"[50] In doing so, the court considers private and public interest factors first outlined by the United States Supreme Court in *Gulf Oil Corporation v. Gilbert*.[51]  When looking to the private interest factors, the court considers: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."[52]  When looking to the public interest factors, the court considers: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."[53]  These private and public interest factors are "appropriate

---

[46] *See* 28 U.S.C. § 1404(a).

[47] *See Ferens v. John Deere Co.*, 494 U.S. 516, 529-530 (1990).

[48] *In re Volkswagen AG*, 371 F.3d at 204 (citing *Ferens*, 494 U.S. at 530).

[49] *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).

[50] *Stewart*, 487 U.S. 29 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

[51] 330 U.S. 501 (1947).  *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (en banc).

[52] *In re Volkswagen of Am.*, 545 F.3d at 315 (quoting *In re Volkswagen AG*, 371 F.3d at 203).

[53] *Id.*

for most transfer cases" but they "are not necessarily exhaustive or exclusive."[54] No one factor is dispositive.[55]

However, while also not dispositive,[56] a valid forum-selection clause in an agreement between the parties "will be a significant factor that figures centrally in the district court's calculus"[57] and should be given "the consideration for which Congress provided in § 1404(a)."[58]

## C. Parties' Arguments

The Court first notes that Dunavant's Renewed Motion completely fails to address the existence of the forum-selection clause, which was a primary reason for Judge Vance's decision on the original motion.[59]   Instead, Dunavant merely asserts that this Court should now grant transfer because the majority of document production has come from companies in Virginia[60] and "virtually all of the documents that might be needed at trial are in the files of Virginia companies,"[61] "*every deposition in this case, twelve of them, were taken in Virginia of Virginia residents and/or*

---

[54] *Id.*

[55] *Id.* ("Moreover, we have noted that 'none ... can be said to be of dispositive weight.'" (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

[56] *Stewart*, 487 U.S. at 31.

[57] *Id.* at 29; *see also Receivables Exchange, LLC v. Suncoast Tech.*, No. 10-4152, 2011 WL 446661, at *4 (E.D. La. Feb. 4, 2011) (Fallon, J.) (finding the existence of a forum-selection clause should be considered along with the *Gilbert* private and public interest factors).

[58] *Stewart*, 487 U.S. at 31.

[59] *See* Rec. Doc. 38 at p. 13 (citation omitted).

[60] Rec. Doc. 63-1 at p. 2.

[61] *Id.* at p. 4 (emphasis omitted).

*businesses*,"[62] no important witness is within the 100 mile subpoena power of this Court,[63] and there is a related ongoing criminal proceeding in the Eastern District of Virginia.[64] Therefore, Dunavant advances arguments regarding the private and public interest factors; however, with the exception of the argument concerning the ongoing criminal proceeding, Dunavant presented all of these arguments in his original motion to transfer, albeit they were previously presented as assumptions and they are now presented as fact.

In response, MARS first focuses on the forum-selection clause that Dunavant almost deceptively ignores. MARS argues that the forum-selection clause was an important reason why Judge Vance denied transfer and that Dunavant has presented nothing to indicate that the clause is unreasonable or unfair in light of a difference in the parties' relative bargaining power, as might make it unenforceable.[65] Therefore, MARS argues that nothing has changed and that it "is compelling and dispositive of the Renewed Motion now before this Court" that "'venue mandated by the choice of forum clause rarely will be outweighed by other 1404(a) factors.'"[66]

MARS then turns to consideration of the private and public interest factors outlined in *Gilbert*, arguing that these factors do not overcome the "high hurdle" identified by Judge Vance for Dunavant to show that transfer is nonetheless appropriate, despite the forum-selection clause.[67] Specifically, MARS seeks to debunk Dunavant's characterization of the private interest factors as

---

[62] *Id.* at p. 2.

[63] *Id.* at p. 4.

[64] *Id.* at p. 3.

[65] Rec. Doc. 70 at p. 3.

[66] *Id.* (quoting *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989)) (emphasis omitted).

[67] *Id.* at p. 4.

supporting transfer: (1) MARS notes that Dunavant has not noticed the deposition of a single witness, despite his protestation that Louisiana is an inconvenient venue[68]; and (2) MARS notes that Dunavant has offered no specifics about the evidence allegedly located in Virginia or the difficulty of production in Louisiana.[69]  Furthermore, MARS argues that the only difference between Dunavant's original motion and the renewed motion actually weighs against transfer, in that transfer now would delay trial and would be more prejudicial to MARS than it would have been originally.[70] Regarding the public interest factors, MARS notes simply that nothing has changed.[71]

## D.  Analysis

As explained above, a motion for reconsideration is not to be used to re-urge matters that have already been advanced, and mere disagreement with a prior order is insufficient to merit reconsideration.  Instead, a party must clearly establish that reconsideration is warranted.  Here, Dunavant has not argued that there has been manifest error of law or an intervening change in controlling law.  Instead, he argues that the evidence shows what he earlier assumed it would, that the private and public interest factors weigh in favor of transfer.  He seems to imply that this constitutes newly discovered or previously unavailable evidence that would warrant reconsideration or that it would somehow be unjust to allow this action to proceed in the Eastern District of Louisiana.  This Court will not decide definitively whether such evidence might sometime, under

---

[68] *Id.* at p. 5.

[69] *Id.*

[70] *Id.* at p. 6.

[71] *Id.* at ¶. 6-7.

different circumstances, constitute newly discovered or previously unavailable evidence that would merit reconsideration. Here, there exists a forum-selection clause that identifies this Court as the proper venue for this action, and this weighs heavily against transfer. Dunavant has presented no new evidence strong enough to overcome the weight given to the forum-selection clause and Louisiana's interest in the enforcement of Louisiana contracts. This Court agrees with the law and reasons previously set forth by Judge Vance when considering Dunavant's original motion, and this Court finds that Dunavant has presented no new evidence to indicate that the *Gilbert* factors would now outweigh the existence of a valid forum-selection clause. Reconsideration is to be granted only rarely, and this Court finds that the standard for reconsideration has not been met here.

### III. Conclusion

For the reasons set forth above, as well as for the reasons given in the original Order and Reasons denying transfer to the Eastern District of Virginia,[72]

**IT IS HEREBY ORDERED** that Dunavant's Renewed Motion for Transfer of Venue[73] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __8th__ day of June, 2012.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[72] Rec. Doc. 38.

[73] Rec. Doc. 63.